**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

JS - 6

Case No. SACV 10-1222 DOC                                    Date: February 23, 2012

Title: IN RE STEPHEN J. LINDSEY AND PATRICIA L. LINDSEY

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|        Julie Barrera        |        Not Present        |
|:---------------------------:|:-------------------------:|
| Courtroom Clerk             | Court Reporter            |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|:------------:|:------------:|

PROCEEDING (IN CHAMBERS): AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING
RELIEF FROM AUTOMATIC STAY

Before the Court is an Appeal from an Order of the Bankruptcy Court Granting the
Government Relief from the Automatic Stay filed by Debtor/Appellants Stephen J. Lindsey and Patricia
L. Lindsey (the "Lindseys") ("Bankruptcy Appeal") (Docket 31). The Court finds this matter
appropriate for decision without oral argument.  Fed.R.Civ. P. 78; Local Rule 7-15. After considering
the moving, opposing, and replying papers, the Court hereby DENIES the Lindseys' Bankruptcy
Appeal and AFFIRMS the Bankruptcy Court's Order Granting Relief from the Automatic Stay
("Bankruptcy Order").

### I. BACKGROUND

The Lindseys' present Bankruptcy Appeal seeks review of June 2010 Order by the
Honorable Erithe A. Smith, United States Bankruptcy Judge, in which Judge Smith granted relief from
the automatic stay. On January 28, 2008, this Court entered an order holding that the Lindseys were
indebted to the United States in the approximate amount of $9,559,000.00, plus penalties and interest.
On the same day, this Court filed an Order for Sale of Real Properties Owned by Defendants Stephen J.
Lindsey and Patricia L. Lindsey. On February 25, 2009, Appellants filed the underlying bankruptcy
case seeking to prevent the foreclosure sale of the properties and requesting a determination from the
Bankruptcy Court that Appellants are not liable for the income taxes on the grounds that Appellants are
not subject to income taxes in the United States. The government filed a motion in the bankruptcy case

MINUTES FORM 11 DOC                                    Initials of Deputy Clerk _ag for jcb_
CIVIL - GEN                                            Page 1 of 3

for relief from the bankruptcy stay, seeking to proceed with the foreclosure sales. The Lindseys filed no opposition to this motion but at the hearing asserted two defenses. First, the Lindseys argued that the Bankruptcy Court lacked subject matter jurisdiction because the judge erred by failing to recuse herself from ruling on the motion when she learned that Appellants had sued her in another action. Second, the Lindseys argued that their constitutional rights were being violated. The Bankruptcy Court then granted the government's motion, which the Lindseys now appeal.

## II. LEGAL STANDARD

When reviewing a bankruptcy court decision, a district court reviews "findings of fact . . . under the clearly erroneous standard." *In re Coleman*, 560 F.3d 1000, 1003 (9th Cir. 2009) (quoting *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990)); *see also* Fed. R. of Bankr. Proc. 8013. A finding of fact is only clearly erroneous when "the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Brotby* , 303 B.R. 177, 184 (9th Cir. B.A.P. 2003). To the extent that the decision is based on an incorrect legal conclusion, review is de novo. *Id.*; *United States v. Furst*, 886 F.2d 558, 580 (3d Cir. 1989). Issues of the bankruptcy court's jurisdiction are always questions of law subject to de novo review. *In re Castlerock Properties,* 781 F.2d 159, 161 (9th Cir. 1986). The denial of a motion to disqualify a judge is reviewed for abuse of discretion. *Pesnell v. Arsenault,* 543 F.3d 1038, 1043 (9th Cir. 2008).

## III. DISCUSSION

### A. Recusal

The Lindseys argue that Judge Smith was required to recuse herself under 28 U.S.C. § 455(b)(5)(i) upon learning that the Lindseys had sued her in another matter. The Lindseys incorrectly interpret the statute. 28 U.S.C. § 455(b)(5)(i) provides that a judge must disqualify herself if she, her spouse, or a person within third degree of relationship to either of them, or the spouse of such a person is a party to the proceeding, or an officer, director, or trustee of a party. That is not the case here. Neither Judge Smith nor any person close to her is a party to the bankruptcy case. Judge Smith correctly denied the Lindseys' recusal motion.

The Lindseys also fail to set forth any other facts or law that would have required Judge Smith to recuse herself. 28 U.S.C. § 455(a) provides that a judge shall disqualify herself if her impartiality might reasonably be questioned. There is no evidence to suggest any question as to Judge Smith's impartiality. The mere fact that the Lindseys filed a lawsuit against Judge Smith is not grounds for her recusal; holding otherwise would encourage litigants to file baseless lawsuits against judges to improperly delay judgment or to engage in impermissible judge shopping. *See U.S. v. Bell,* No. C06-5148FDB, 2006 WL 2380663, at *1 (W.D. Wash. Aug. 16, 2006) (citing *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995)). The Supreme Court has held that alleged bias must stem from an extrajudicial source. *Liteky v. United States,* 510 U.S. 540, 554-56 (1994). There is no bias here resulting from an

MINUTES FORM 11 DOC
CIVIL - GEN

extrajudicial source, such that Judge Smith properly denied the Lindseys' motion for recusal.

### B. Constitutional Rights

The Lindseys allege that the Bankruptcy Court violated their constitutional rights under the Fifth Amendment. They fail to provide, however, any facts that support the existence of a constitutional violation of any kind. There are absolutely no facts that would alert this Court to any potential violation of the Lindseys' constitutional rights.

### C. Merits of Motion to Lift Stay

The Lindseys also fail to provide any facts or law to suggest that there was no valid basis for Judge Smith to grant the government relief from the stay. The Lindseys mention a "valid but accidentally lost law" that would make clear that they do not owe any income taxes. The Bankruptcy Court proceeding was not the proper venue to challenge the underlying judgment against the Lindseys. The place for the Lindseys to litigate that question was in the case of *United States v. Stephen J. Lindsey, et al.* (SACV 06-0476), which now has a final judgment and order after a Ninth Circuit judgment and mandate affirming the district court's judgment (No. 08-55363) filed on May 5, 2011. In the bankruptcy case Judge Smith found that both prongs of 11 U.S.C. § 362(d)(2), which governs relief from stay, were satisfied because (1) there was no equity in the property and (2) the property was not necessary for reorganization. This was a sufficient basis to grant the government's motion for relief from the stay.

### IV. DISPOSITION

For the aforementioned reasons, the Lindseys' Bankruptcy Appeal is hereby DENIED. The Bankruptcy Court's Order Granting Relief from the Automatic Stay is hereby AFFIRMED.

The Clerk shall serve this minute order on all parties to the action.